Martin B. Stecher, J.
Bespondent was petitioner’s superintendent. A final order of possession in favor of the landlord was stayed to October 30, 1969, and respondent seeks to have that stay extended to January 31, 1970. The respondent, owner of a small multiple dwelling in Gfreenpoint, Brooklyn, in turn sought possession of an apartment there, but is kept out of possession by an order of the Civil Court, Kings County, staying removal of tjie occupant of respondent’s Brooklyn apartment to January 31, 1970.
Petitioner resides out of the city. She seeks the subject premises for her own use, and may in fact be in violation of the Administrative Code of the City of New York, there being neither owner nor superintendent on the premises of this 20-apartment building. Bespondent and his wife, on the other hand, have two little boys, earnings of $115 per week, and little chance to obtain suitable temporary quarters.
Clearly, in deciding the “ just ” terms of any stay there are three interested parties, and not two: the parties to this proceeding and the occupant of respondent’s Brooklyn apartment.
Bespondent has indicated an intention to seek a modification of the Brooklyn stay; but it would be unfair for the common issue of the respondent’s needs to be decided piecemeal. No *220 reason exists, why the two stays should not he considered in a single hearing by a Judge who could determine the relative merits of each party’s immediate needs.
CPLR 602 certainly seems broad enough to cover the apparent dilemma. A common question of fact — the hardship which may be visited on this respondent — exists in both cases. Both “ actions ” or proceedings (CPLR 103, subd. [b]) are presently pending, issuance of the warrants having been stayed. The costs and delays attendant upon parallel motions in two divisions of the Civil Court will be avoided. Certainly, the consolidation statute (CPLR 602) should be “liberally construed to secure the just, speedy and inexpensive determination ’ ’ of this proceeding (CPLR 104).
My prior stay is continued to November 30,1969. No further application will be entertained except in a consolidated proceeding. The learned Judge who made the Brooklyn order concurs with me that this procedure should be followed.